**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4632**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TYREE LASHAWN MAY,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Senior District Judge. (3:23-cr-00033-FDW-DCK-1)

Submitted: July 13, 2026                                          Decided: August 6, 2026

Before AGEE, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** R. Brent Walker, LAW OFFICE OF R. BRENT WALKER, Charlotte, North Carolina, for Appellant. Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Tyree May challenges the district court's application of two Sentencing Guidelines enhancements, arguing the court made a clearly erroneous factual finding on an issue that should have been submitted to a jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm.

Under *Apprendi* and its progeny, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum" or minimum "must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490; see *Alleyne v. United States*, 570 U.S. 99, 103 (2013). But May challenges a factual finding that increased only his advisory Guidelines range. This Court has held that "[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence" without offending *Apprendi* "so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008). May does not explain how *Erlinger v. United States*, 602 U.S. 821 (2024)—a case about *mandatory* minimum and maximum sentences imposed by *statute*—undermines that directly on-point precedent. See 602 U.S. at 825.

We also "uphold the district court's [factual] determination" because "it was plausible in light of the record viewed in its entirety." *United States v. Gross*, 90 F.4th 715, 722 (4th Cir. 2024) (quotation marks removed). Even assuming May is right that some evidence in the record (information a bystander provided to law enforcement) cut against the district court's factual finding, the court permissibly credited other evidence (officers'

2

testimony about what victims told them during their investigation) that amply supported its ultimate conclusion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment is

*AFFIRMED.*